UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ANTHONY LEMA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. PEREZ, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:24-cv-00269-JDP (PC)<br><br>**ORDER**<br><br>DIRECTING THE CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED<br><br>ECF No. 17<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

  Plaintiff Christopher Anthony Lema alleges that defendants R. Perez and K. Wallace failed to protect him from an attack by another inmate in violation of the Eighth Amendment. Defendants move to dismiss, arguing that the complaint fails to state a claim and the claims are barred by the favorable termination rule. ECF No. 17.  I recommend granting defendants' motion.

**Allegations**

On October 20, 2022, at Mule Creek State Prison, plaintiff was moved from Building 1 to Building 5. When he arrived in Building 5, custody staff advised him that he was going to be housed in a cell with another inmate. ECF No. 1-2 at 4. Plaintiff explained that this was not possible because he is a single-cell inmate. Despite this, an officer advised plaintiff that he was going to put in that cell, to which plaintiff responded, "[l]et's go to Ad-Seg and thrash this out with ICC and then lock up lower 'C' side shower." *Id.* Plaintiff was in the shower for five and a half hours. Plaintiff informed defendants Perez and Wallace that he refused to accept his new cell assignment because he has an "administrative determinants (SEC) that preclude me from being placed in the cell with another inmate" and that he was placed on "(SEC) status by IDDT." *Id.* Defendants cuffed plaintiff and dragged him to his new cell. *Id.* Before plaintiff entered his new cell, he told his prospective new cellmate, inmate Hogue, that plaintiff was forced into Hogue's cell and that they were "going to have to fight, just don't get on me in hand cuffs." *Id.* Defendant Perez ordered Hogue to step out of the cell so that he could remove plaintiff's handcuffs before plaintiff entered the cell with Hogue. *Id.* As Hogue re-entered the cell, Hogue struck plaintiff in the face and both inmates began to hit each other. *Id.*

Plaintiff was found guilty of a Rules Violation Report ("RVR") for the incident that occurred in his cell with inmate Hogue. *Id.* at 5. The RVR (#7236271) includes as evidence a statement from defendant Perez, which reads in full:

> I observed Inmate LEMA (BB1380, A5-119U) sitting on the dayroom table. I informed Inmate LEMA this is a yard release. Officer K. Wallace and I escorted Inmate LEMA to cell 119. As Inmate LEMA entered his assigned house, without provocation or hesitation Inmate LEMA began to batter Inmate HOGUE (AD6997, A5-199L) who is assigned to cell 199L. Specifically, Inmate LEMA struck Inmate HOGUE in the facial area with his fist multiple times. Inmate LEMA then ran out the cell, I gave LEMA a direct order to get down, in which he complied and proned out in the B side dayroom.

ECF No. 2 at 16. Plaintiff plead guilty to battery on a prisoner and was found guilty as charged. *Id.* at 15. Plaintiff received an assessment of 90 days loss of credit. *Id.* at 19.

**Legal Standards**

**A.  Motion to Dismiss**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding motions under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  In certain circumstances, the court may also consider documents referenced in—but not included with—the complaint or that form the basis of plaintiff's claims. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

**Analysis**

Defendants argue that plaintiff's complaint should be dismissed for two reasons.  First, defendants argue that plaintiff has failed to state a claim.  Second, defendants contend that the favorable termination rule bars plaintiff's claim.  I find that plaintiff's claim is barred by the favorable termination rule and recommend that defendants' motion be granted on that basis; I do not reach defendants' alternate argument.

"A state prisoner cannot use a § 1983 action to challenge the 'fact or duration of his confinement,' because such an action lies at the 'core of habeas corpus.'" *Simpson v. Thomas*, 528 F.3d 685, 693 (9th Cir. 2008) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).  Thus, where a § 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must first establish that

3

1   the underlying sentence or conviction has already been invalidated on appeal, by a habeas

2   petition, or terminated in his favor via some other similar proceeding. *Heck v. Humphrey*, 512

3   U.S. 487-88 (1994). This "favorable termination" rule applies to prison disciplinary proceedings,

4   if those proceedings resulted in the loss of good-time or behavior credits. *Edwards v. Balisok*,

5   520 U.S. 641, 646-48 (1997) (holding that a claim for monetary and declaratory relief challenging

6   validity of procedures used to deprive prisoner of good-time credits is not cognizable under

7   § 1983). A plaintiff must first prove that his conviction or sentence has been favorably

8   terminated, and only then may he bring suit for damages on his claims. *See Roberts v. City of*

9   *Fairbanks*, 947 F.3d 1191, 1196-98; *Nettles*, 830 F.3d 922, 928 (9th Cir. 2016). Thus, if the

10  alleged loss of credits or finding of guilt will have an impact on the length of plaintiff's

11  confinement, this action may be barred by the favorable termination rule of *Heck* and *Edwards*.

12          After reviewing plaintiff's complaint and construing the pleadings in light most favorable

13  to him, I find that plaintiff's claim is barred under *Heck*. If plaintiff were to prevail in his § 1983

14  claim for the retaliatory RVR, plaintiff's success would necessarily imply that the loss of good-

15  time credits was invalid. *Heck* imposes the favorable termination requirement, which requires

16  plaintiff to obtain a favorable termination ruling via a habeas challenge prior to bringing a § 1983

17  action. Accordingly, plaintiff fails to state a claim for failure to protect.

18          As an initial matter, the complaint includes the RVR, which indicates that plaintiff was

19  assessed a loss of ninety days credit for battering inmate Hogue and that his parole date was

20  pushed back ninety days. ECF No. 2 at 15-16. There is no indication from the documents

21  attached to the complaint that the RVR's findings have been invalidated.[1]

22          The issue is whether the allegations in the complaint and the events in the RVR were

23  wholly inconsistent with each other such that a finding in plaintiff's favor would necessarily

---

[1] In his opposition to this motion, plaintiff appears to allege that the RVR was invalidated. 12-15. However, the complaint contains no allegation that the RVR was invalidated, and I find it appropriate to consider the declaration of B. Hancock, a CDCR Litigation Coordinator, presented by defendants, which states that plaintiff's RVR for battering inmate Hogue remains valid and that due to this loss of credit, plaintiff's minimum eligible parole date has been delayed by ninety days. ECF No. 23-1 at 2.

1  imply the invalidity of the RVR conviction. Instructive on this issue is *Hernandez v. Holman*,
2  No. 17-cv-3946-SVW-GJS, 2017 U.S. Dist. LEXIS 94202, (C.D. Cal. June 19, 2017). The
3  prisoner-plaintiff in that case alleged, among other things, that the defendant-officer punched the
4  plaintiff in the face after he made a derogatory comment towards the defendant. *Id.* at *4. In
5  contrast, the RVR found that the plaintiff made the same comment to the defendant; challenged
6  the defendant to fight; pulled away, lunged, and headbutted the defendant; and the defendant used
7  force to subdue the plaintiff. *Id.* at *13. The plaintiff was found guilty of battery on a peace
8  officer. *Id.* at *4. In assessing the validity of the plaintiff's excessive force claim, the court found
9  the claim was *Heck*-barred because, in order for the plaintiff's version of events to be true, the
10 court would have necessarily found that the RVR conviction was invalid. *Id.* at *14-15.

11     Here, plaintiff's version of events is directly at odds with the finding in the RVR. Plaintiff
12 alleges that inmate Hogue attacked him first. ECF No. 4 at 4. The RVR, however, found that
13 plaintiff attacked inmate Hogue first. ECF No. 28-4 at 16. Because plaintiff's allegations are
14 necessarily at odds with the RVR's finding that resulted in his conviction, I recommend finding
15 that his claim is barred. *See Alexander v. Munguia*, No. 2:21-cv-01390-KJM-CKD (P), 2023 WL
16 5806986, at *6 (E.D. Cal. Sept. 7, 2023) ("If the allegations in the amended complaint are
17 accepted as true, then plaintiff cannot be guilty of assault on a peace officer rendering his
18 disciplinary conviction invalid."); *Burton v. Chenoweth*, No. 14-cv-2331-KJN-P, 2015 WL
19 7758476, at *3 (E.D. Cal. Dec. 2, 2015) (finding that the plaintiff's claim was *Heck* barred where
20 the "Plaintiff's disciplinary conviction and his excessive force claim arise from the same incident,
21 and the two versions of events are entirely inconsistent with one another").

22     Plaintiff argues in his opposition that he suffered injuries from his altercation with inmate
23 Hogue, as demonstrated by the CDCR 7219 form. ECF No. 20 at 12-15. However, it is entirely
24 possible that plaintiff could have attacked inmate Hogue first—as was found by the RVR—and
25 sustained injuries from when inmate Hogue fought back. Plaintiff's injuries from the altercation
26 do not necessarily invalidate the RVR's finding. Further, to the extent plaintiff argues in his
27 opposition that defendants violated his Eighth Amendment rights by forcing him into a cell with
28 inmate Hogue when plaintiff believes he was designated as a single-cell inmate is contradicted by

5

1  plaintiff's allegation that he told inmate Hogue that they had to fight.  Plaintiff's own admission
2  of instigating this altercation cannot also serve as the basis for his claim that defendants violated
3  his constitutional rights.
4        Accordingly, it is hereby ORDERED that the Clerk of Court randomly assign a district
5  judge to this matter.
6        Further, it is hereby RECOMMENDED that:
7        1. Defendants' motion to dismiss, ECF No. 17, be granted.
8        2. Plaintiff's claims be dismissed under the favorable termination rule.
9        3. The Clerk of Court be directed to close the case.
10       These findings and recommendations are submitted to the United States District Judge
11 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of
12 service of these findings and recommendations, any party may file written objections with the
13 court and serve a copy on all parties.  Any such document should be captioned "Objections to
14 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
15 within fourteen days of service of the objections.  The parties are advised that failure to file
16 objections within the specified time may waive the right to appeal the District Court's order.  *See*
17 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
18 1991).
19
20 IT IS SO ORDERED.
21
22 Dated:   October 21, 2024                                  _____
                                                                       JEREMY D. PETERSON
                                                                       UNITED STATES MAGISTRATE JUDGE